Deaderick, J.,
delivered the opinion of the court:
In this cáse the plaintiff in error was jointly indicted as accessary before the fact, with one-Charles Smith (colored), his principal, who was charged in the indictment with murder in the first degree.
The offense of Smith, charged in the indictment, consisted in placing a certain obstruction on the East Tennessee & Virginia Kailroad, near Blue Springs, which threw the engine off the track, and, by the escaping steam, one Thomas Carlton, a fireman on the engine, was so badly scalded that he died of his injuries nine days after.
Smith was first tried and convicted of murder in the first degree, with “mitigating circumstances.”
The defendant was then put upon his trial in the same indictment, in which, after charging Charles Smith with putting the obstruction on the track, it proceeds to- charge that “Kyburn Freeman, colored, late of said county, laborer, before’the said murder in the first degree was committed, in manner and form aforesaid, to wit, on the 11th day of March, A.D. 1869, at, to wit, in the county aforesaid, did feloniously and maliciously move, incite, counsel, *827 hire, command, and procure the said Charles Smith, the said felony, in manner and form aforesaid, to do and commit,” etc.
Upon this charge in the indictment the defendant was put upon his trial, and the rerdict of the. jury was “that they find the defendant guilty of murder ill the first degree, with slight mitigating circumstances.” After rule for new trial was entered and discharged, and reasons in arrest of judgment filed and overruled, the court proceeded to pronounce judgment of confinement in the penitentiary for life against the prisoner.
The case is brought here by writ of error for revision, and various errors are assigned upon the record.
First, it is insisted by counsel for the prisoner that the verdict is not responsive to the charge contained in the indictment. The charge is that the prisoner is accessary be*fore the fact to the crime of murder. The verdict in response to that charge is that he is guilty of murder in the first degree.
The offenses are essentially different. Being accessary before the fact of murder in the first degree, is a substantive offense, and distinct from the offense of murder itself, so that one indicted as a principal in a felony, cannot bo found guilty as an accessary before the fact. Nor can he, if indicted as such accessary, be found guilty as a principal felon. 1 Bishop Or. L., sec. 842: Code, secs. 4591, 4593.
The verdict and judgment were therefore erroneous, in that they treat the prisoner as a principal, while the indictment charges him only as an accessary before the fact.
It is further insisted by the counsel for prisoner that by the Code, secs. 4638-9, tire punishment for the offense of placing an obstruction upon a railroad track is defined and so particularly set forth as to exclude any other or different punishment than that specified in said sections for the offense therein created. While, in behalf of the state, it is insisted that if death ensue from the wrongful *828 act, the guilty party may be punished under secs. 4597-8-9 of the Code, which define murder in the several degrees and prescribe its punishment. Sections 4597-8-9 of the Code, defining murder in the first and second degree, are taken from the Act of 1829, ch. 23, and employ the same language in defining those offenses as used in said act of 1.829. Section 4638 of the Code provides that, “Whoever willfully and maliciously puts upon the track of any railroad in this state any kind of obstruction, or loosens or removes any of the rails or timber,’’ etc., “so as to endanger the safe running of the locomotive and oars of either or any of them, is guilty of a felony, and upon conviction of either offense shall be imprisoned in the penitentiary not less than two nor more than fifteen years.” Section 4639 provides that if any person is killed by any accident occasioned by either of the offenses enumerated in the fore^ going section, the offender is guilty of murder in the second degree, and shall be punished accordingly.
It will be observed that by sec. 4638 the offense consists in willfully and maliciously putting obstructions on the railroad track, loosening or removing rails, timbers, etc., and by the next succeeding section it is provided that if any person is killed by any accident occasioned by either of the offenses enumerated in the foregoing section, the offender is guilty of murder in the second degree and shall be punished accordingly.
The act of 1829 was passed long before the enactment of those sections of the Code which constituted the putting obstructions upon a railroad an offense, and when no special legislation either for the purpose of protecting passengers or the property of the railroad company was necessary.
Since numerous railroads have been built in the state, the legislature has, from time to time, passed special laws for their protection, as well as to secure the safety of the persons and property of citizens using them for purposes of transportation. For these particular purposes, *829 secs. 4638, 4639, 4640, 4642, of tbe Code were enacted, and tlie offense of putting obstructions upon a railroad track, whereby any person is killed, is made punishable as murder in the second degree.
In view of this particular legislation upon this subject, we feel constrained to hold that, where, by a statute, a new offense is created, although the acts constituting such new offense might be punishable under a former general statute, yet the punishment for the new offense must be confined to that prescribed in the statute creating it.
And the reason of this rule is that where the attention of the legislature has been turned to the details of the subject, and they have acted upon it, and have prescribed a specific punishment for a particular offense, the presumption is that they intended to exclude other modes of punishment, except those expressed. And so strong is this presumption that even a- subsequent statute in general terms, or treating the same subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all.. Sedg. Stat. and Con. Law, 94, 96, 123.
If it be said that, under our construction of the statute, the wholesale murderer can only be punished, at most, as for the crime of. murder in the second degree, it is answered that the courts cannot encroach upon the. functions" of the legislative department of the government, and the remedy can only be applied by such alteration of the law as. the legislature may deem it expedient to make. But it is not necessary, in this opinion, to hold, nor is it intended to. be decided, that if the specific intent to kill the party slain were shown to exist, that a defendant might not, by the placing of obstructions upon a railroad track to accomplish that object, be convicted, upon a proper indictment, of the *830 highest grade of homicide under the provisions of sec. 4598 of the Code.
The judgment of the criminal court must be arrested, and the prisoner must be remanded to the custody of the sheriff of Greene county, to be held to answer any new indictment that may be brought against him.